The STATE of Ohio, Appellee,

v.

BARON, Appellant.

[Cite as *State v. Baron,* 156 Ohio App.3d 241, 2004-Ohio-747.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 83080.

Decided Feb. 19, 2004.

</div>

242

William D. Mason, Cuyahoga County Prosecuting Attorney, and Renee L. Snow, Assistant Prosecuting Attorney, for appellee.

Robert L. Tobik, Cuyahoga County Public Defender, and Carlos Warner, Assistant Public Defender, for appellant.

FRANK D. CELEBREZZE JR., Judge.

{¶ 1} This is an appeal from the determination of sexual-predator status made by the Cuyahoga County Court of Common Pleas, Criminal Division. Upon our review of the record and the arguments of the parties, we affirm the judgment of the trial court for the reasons set forth below.

{¶ 2} Appellant, Richard Baron, pleaded guilty to several counts of illegal use of a minor in nudity-oriented material. He was sentenced to four years in prison. In 2002, he underwent a sexual predator hearing pursuant to R.C. 2950.09(B)(1). The trial court found him to be a sexually oriented offender at that hearing; however, the case was reversed and remanded upon appeal by the state in *State v. Baron*, Cuyahoga App. No. 80712, 2002-Ohio-4588, 2002 WL 2027296. There it was determined that the trial court erred in the original sexual predator hearing in refusing to allow the state to present photographs, discovered by police while executing a search warrant, of another potential victim who had not been included on the original indictment; and that finding appellant to be a member of the lesser class of sexual offenders was against the manifest weight of the evidence.

{¶ 3} When the case was assigned to the trial court for further proceedings, appellant's case was returned to the docket of the original trial judge. However, as a result of some controversy involving media coverage of the case, that judge

sought to recuse herself, and the matter was addressed by the common pleas administrative judge. After a hearing on the matter, the case was reassigned to another judge for a new sexual predator hearing.

{¶ 4} As a result of the stipulation of the parties, the newly assigned judge reviewed the transcripts of proceedings and exhibits presented in the prior sexual predator hearings. Thereupon, he determined that the appellant was a sexual predator.

{¶ 5} Appellant once again appeals and presents three assignments of error for our review:

"I.  The administrative judge abused his discretion when he reassigned Mr. Baron's case in violation of the doctrine of forum non conveniens and Superintendence Rule 4 when the judge refused to allow the appellant to present testimony and failed to properly journalize his reasons for transfer."

"II.  R.C. 2950.01 et seq. as applied to Mr. Baron violates Art. I Sec. 10 of the United States Constitution as ex post facto legislation, and violates Art. II. Sec. 28 of the Ohio Constitution as retroactive legislation."

"III.  The evidence is insufficient as a matter of law to prove by clear and convincing evidence that Mr. Baron is likely to engage in the future in one or more sexually oriented offenses."

{¶ 6} In his first assignment of error, appellant argues that the trial court committed prejudicial error in allowing the reassignment of his case from one trial judge to another at the original judge's request. The basis of the request was that the original judge did not feel that she could be impartial to either party due to some negative media coverage regarding her handling of the case; it is alleged that the prosecutor's office "leaked" the story and brought about the media scrutiny. A conference was held by the administrative judge of the court of common pleas with counsel for both parties and the original trial judge. Over objection of defense counsel, who accused the state of "forum shopping," the case was reassigned to a new trial judge, and the hearing went forward in that courtroom several weeks later.

{¶ 7} A judge shall disqualify himself or herself in a proceeding in which the judge's partiality might reasonably be questioned. Code of Judicial Conduct, Canon 3(E)(1). This court has held that when a judge has continued to sit when there is an apparent personal conflict between the judge and a litigant's attorney, the judge abuses her discretion. *Smith v. Leone* (Aug. 4, 1994), Cuyahoga App. No. 65943, 1994 WL 407043, at 5.

{¶ 8} In the instant case, the administrative judge of the trial court heard, on the record, arguments of counsel and the statement of the presiding judge prior to determining whether her recusal was necessary to eliminate the appearance of

impropriety, as mandated by Canons 2 and 3 of the Code of Judicial Conduct. We find that the trial judge properly recused herself when she determined that she could not preside in a fair and impartial manner. We further find that the administrative judge did not abuse his discretion by allowing the case to be reassigned and that he complied with the Rules of Superintendence in randomly reassigning the case. Appellant's first assignment of error is overruled.

{¶ 9} Next, appellant argues that the notification and registration requirements violate the prohibition against ex post facto laws in the Ohio and United States Constitutions. R.C. Chapter 2950 was determined to be constitutionally valid in *State v. Cook* (1998), 83 Ohio St.3d 404, 700 N.E.2d 570. There, the Supreme Court held that the statute was neither impermissibly retroactive nor an ex post facto law:

{¶ 10} "* * * R.C. Chapter 2950 serves the solely remedial purpose of protecting the public. Thus, there is no clear proof that R.C. Chapter 2950 is punitive in its effect. We do not deny that the notification requirements may be a detriment to registrants, but the sting of public censure does not convert a remedial statute into a punitive one. [*Dept. of Revenue of Montana v.*] *Kurth Ranch* [1994], 511 U.S. [767] at 777, 114 S.Ct. [1937] at 1945, 128 L.Ed.2d [767] at 777, fn. 14. Accordingly, we find that the registration and notification provisions of R.C. Chapter 2950 do not violate the *Ex Post Facto* Clause because its provisions serve the remedial purpose of protecting the public." *Cook*, 83 Ohio St.3d at 423, 700 N.E.2d 570.

{¶ 11} Appellant now argues that the recent enactment of Senate Bill No. 5, which prohibits a sexual predator from applying for reconsideration of that classification at a later date, renders R.C. Chapter 2950 unconstitutional. We disagree. Not only has the Ohio Supreme Court addressed this issue, but the United States Supreme Court recently decided that these types of sexual-offender-registration laws are not punitive in nature and do not violate the prohibition against ex post facto laws, without reference to the ability of the offender to petition for revision of the classification. *Smith v. Doe* (2003), 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164. Therefore, there is no need for this court to revisit this issue. Pursuant to current state and federal case law, R.C. 2950.09 is constitutionally valid and is not violative of the appellant's rights. Appellant's second assignment of error is overruled.

{¶ 12} Having determined that R.C. Chapter 2950 is constitutionally valid and applicable to appellant's case, we turn to whether there exists sufficient evidence to classify appellant as a sexual predator. A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). In determining whether an offender is a sexual predator, the

court should consider all relevant factors, including but not limited to the offender's age, prior criminal record regarding all offenses and sexual offenses, the age of the victim, previous convictions, number of victims, whether the offender has completed a previous sentence, whether the offender participated in treatment programs for sex offenders, the mental illness of the offender, the nature of the sexual conduct, and any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2).

{¶ 13} After reviewing the factors, the court "shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C. 2950.09(B)(3). Clear and convincing evidence is more than a mere preponderance of the evidence; instead, it must produce "in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." *Cincinnati Bar Assn. v. Massengale* (1991), 58 Ohio St.3d 121, 122, 568 N.E.2d 1222; *State v. Hamilton* (May 14, 1999), Darke App. No. 1474, 1999 WL 301484, quoting *In re Brown* (1994), 98 Ohio App.3d 337, 342–343, 648 N.E.2d 576. We note, however, that a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent, credible evidence that goes to all of the essential elements of the case. *Cohen v. Lamko, Inc.* (1984), 10 Ohio St.3d 167, 10 OBR 500, 462 N.E.2d 407.

{¶ 14} Sexual-offender-classification hearings under R.C. 2950.09 are civil in nature. *State v. Gowdy* (2000), 88 Ohio St.3d 387, 727 N.E.2d 579, citing *State v. Cook,* supra. When conducting a sexual predator hearing, a trial court may rely on information that was not introduced at trial. *State v. Thompson* (1999), 140 Ohio App.3d 638, 748 N.E.2d 1144. R.C. 2950.09(B)(2) does not require that each factor be met, only that they be considered by the trial court. Id. Oral findings relative to these factors should be made on the record at the hearing. *State v. Comer,* 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473; *State v. Kisseberth,* Cuyahoga App. No. 82297, 2003-Ohio-5500, 2003 WL 22351264.

{¶ 15} In reviewing a claim of insufficient evidence, this court reviews de novo. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. Review is limited to whether there is sufficient probative evidence to support the trial court's determination, that is, whether the evidence against the appellant, if believed, would support the determination that the appellant is a sexual predator. *State v. Overcash* (1999), 133 Ohio App.3d 90, 94, 726 N.E.2d 1076. In order to classify an offender as a sexual predator, the state must show that the offender is currently likely to commit a sex crime in the future, not solely that he committed a sex crime in the past. This court recently stated, "[A] court may adjudicate a defendant a sexual predator so long as the court considers 'all relevant factors[,]'

which may include a sole conviction." *State v. Purser*, 153 Ohio App.3d 144, 2003-Ohio-3345, 791 N.E.2d 1053, citing *State v. Ward* (1999), 130 Ohio App.3d 551, 560, 720 N.E.2d 603. The Ohio Supreme Court set forth three objectives of a sexual predator hearing in *State v. Eppinger* (2001), 91 Ohio St.3d 158, 743 N.E.2d 881. First, a clear and accurate record of the evidence and/or testimony utilized must be created and preserved for appeal. Second, an expert may be required to assist the trial court in determining whether an offender is likely to engage in a sexually oriented offense in the future. Finally, the trial court should discuss, on the record, the evidence and factors of R.C. 2950.09(B)(2) upon which it relied in making its determination as to the sexual offender classification. *Eppinger*, 91 Ohio St.3d at 166, 743 N.E.2d 881.

{¶ 16} In the instant case, there is no question that a complete record has been presented for review: transcripts of all hearings as to the sexual predator classification have been presented, and both parties stipulated to the use of prior testimony, as well as entering several exhibits without objection, including the report of Dr. Aronoff from the Court Psychiatric Clinic. In making its determination, the trial court cited several of the qualifications listed under R.C. 2950.09(B)(2), including, but not limited to, criminal history, age of offender, age of the victims, number of victims, and nature of the sexual conduct. The psychiatric evaluation of the appellant places him in the medium/high risk category for recidivism, and a report from the Madison Correctional Institution indicated that the appellant minimized his involvement in the crime and failed to recognize his need for treatment and/or counseling. Further, the trial court found that although the appellant did not use alcohol or drugs to secure the victims' compliance for the lewd photographs, he plied the girls with the offer of presents and goods. Finally, the trial court found it significant that the appellant not only took the pictures but forwarded them to inmates of the Ohio correctional system, at least one of whom was serving time for committing a sexual offense against a child.

{¶ 17} It is important to note here that R.C. 2950.09(B)(2) mandates that the trial court take into consideration the factors enumerated under that section, but its analysis is not limited to those factors; the trial court clearly utilized not only those factors in its determination, but also set forth others it found significant. We find that there exists clear-and-convincing evidence that the appellant is likely to commit a sexually oriented offense in the future and that the classification of sexual predator is necessary to protect the public from future harm.

{¶ 18} Appellant next argues that res judicata prevents this court from remanding a sexual-offender-classification case back to the trial court for rehearing. This is simply not the case; this court has consistently remanded sexual predator cases for additional consideration. *State v. Wilson* (Oct. 26,

2000), Cuyahoga App. No. 77530, 2000 WL 1594577; *State v. Ward* (1999), 130 Ohio App.3d 551, 563, 720 N.E.2d 603; *State v. Philpott,* 147 Ohio App.3d 505, 2002-Ohio-808, 771 N.E.2d 297. The appellant mistakenly relies on *State v. Krueger* (Dec. 19, 2000), Cuyahoga App. No. 76624, 2000 WL 1876391, to support his res judicata argument. *Krueger* merely vacated the trial court's finding in that case, as is permitted by App.R. 12. We decline to do so here. It is well established that when a judgment has been vacated, reversed, or set aside on appeal, it is thereby deprived of all conclusive effect, both as res judicata and as collateral estoppel. *Erebia v. Chrysler Plastic Products Corp.* (C.A.6, 1989), 891 F.2d 1212, 1215, citing *Jaffree v. Wallace* (C.A.11, 1988), 837 F.2d 1461, 1466. Thus, appellant's third assignment of error is overruled.

{¶ 19} The judgment is affirmed.

Judgment affirmed.

MICHAEL J. CORRIGAN, A.J., and PATRICIA A. BLACKMON, J., concur.