JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Francois Budreaux ("appellant")[1] appeals the finding of the Cuyahoga County Court of Common Pleas that he is a sexual predator. For the reasons stated below, we affirm.
 I {¶ 2} On March 6, 1987, appellant was charged in a multiple count indictment, including rape, attempted rape, kidnapping, and furnishing drugs to a minor. A capias was issued on March 30, 1987. After fleeing authorities, appellant was arraigned and pled not guilty on January 27, 1992.
 {¶ 3} On April 7, 1992, as part of a plea agreement, appellant pled guilty to one count of rape. The remaining counts were nolled. He was sentenced to a term of ten to twenty-five years' imprisonment. On October 15, 2001, upon recommendation by the Ohio Department of Rehabilitation and Corrections and pursuant to R.C. 2950.09, the appellant was returned to the trial court for a sexual predator classification hearing.
 {¶ 4} On February 5, 2002, the original trial judge recused himself and another judge was assigned. On September 30, 2002, appellant was referred to the psychiatric clinic for evaluation. On July 30, 2003, the sexual predator hearing took place. The state argued that appellant 1) lured college-aged males to his apartment by disguising his voice as that of a woman, drugged and raped them; 2) was a fugitive from justice for a period of six years following his indictment; 3) pled guilty to the rape count and that a second ten-count indictment was nolled; and 3) used over 30 aliases. On July 25, 2003, the court journalized its finding that appellant is a sexual predator.
 {¶ 5} From this finding, appellant advances two assignments of error for our review.
 II {¶ 6} A sexual predator is defined in R.C. 2950.01(E) as a "person [who] has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The state bears the burden of proving, by clear and convincing evidence, that appellant committed a sexually oriented offense and that he is likely to engage in one or more sexually oriented offenses in the future. State v. Ward (1999), 130 Ohio App.3d 551, 559.
 {¶ 7} Clear and convincing evidence is that "measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will produce in the mind of the trier of fact a firm belief or conviction as the facts sought to be established." State v.Schiebel (1990), 55 Ohio St.3d 71, 74.
 {¶ 8} The three objectives of a sexual classification hearing are: 1) to create a clear and accurate record of evidence and/or testimony which was considered to be preserved for purposes of appeal; 2) an expert may be required to assist the trial court in determining whether an offender is likely to engage in a sexually oriented offense in the future; and 3) the trial court should consider the factors listed in R.C. 2950.09(B)(2), and should discuss, on the record, the evidence and factors upon which it relies in making its determination as to the likelihood of recidivism. State v. Eppinger (2001), 91 Ohio St.3d 158.
 {¶ 9} To determine whether an offender is a sexual predator, the trial court must consider the factors listed in R.C.2950.09(B)(2). These factors include the offender's age, victim's age, offender's criminal record, whether drugs or alcohol were used, mental illness or disability of offender, and nature of the sexual contact. We, as the reviewing court, must look to see whether the trial court abused its discretion by deviating from the statutory criteria. In re William S. (1996),75 Ohio St.3d 95, 99.
 {¶ 10} A sexual predator hearing is akin to a sentencing hearing where it is well settled that the rules of evidence do not strictly apply as long as the evidence sought to be admitted has some indicia of reliability. State v. Brown,151 Ohio App.3d 36, 2002-Ohio-5207. Further, evidence need not be properly authenticated to be admissible in a sexual predator hearing. Id.
 {¶ 11} In the case sub judice, appellant does not dispute that he committed the offense of rape. Rather, he argues that the state has failed to establish, by clear and convincing evidence, that he is likely to engage in one or more sexually oriented offenses in the future.
 III {¶ 12} In his first assignment of error, appellant argues that "the evidence is insufficient to sustain a finding that the appellant is a sexual predator." For the reasons stated below, we affirm.
 {¶ 13} It is clear from the record that the trial court considered the factors enumerated in R.C. 2950.09(B)(2). Following the court's inquiry into the appellant's and victim's ages, the court found that appellant was indicted on an additional ten counts, but that these counts were dismissed as part of appellant's plea bargain. Those ten counts involved an additional three people.
 {¶ 14} Sexual offender classification hearings are civil in nature. State v. Baron, Cuyahoga App. No. 83080, 2004-Ohio-747. A trial court may rely on information that was not introduced at trial. Id. In this case, it was permissible for the state to argue, and the court to consider, the indictment that was nolled by the prosecution.[2]
 {¶ 15} In addition to the above findings, the court also found that appellant 1) used alcohol or another substance to impair the victim; 2) demonstrated behavioral characteristics that contributed to his conduct; and 3) suffered from mental illness.
 {¶ 16} Regarding the use of alcohol to impair his victim, the court considered the victim's impact statement. The victim stated that appellant gave him what he thought was brandy. After consuming the beverage, he passed out, recalling only through semiconsciousness the appellant performing oral sex upon him.
 {¶ 17} As to appellant's demonstrated behavioral characteristics, the court considered appellant's own actions during the case. Despite appellant's plea of guilty to the rape charge, he consistently maintained the position that the system was out to get him because of his sexual lifestyle. At the hearing, counsel for appellant argued that "* * * the only reason the State wants Mr. Budreaux declared as a sexual predator is because they know him and in his history to be a male prostitute and for him to be a homosexual." Also, counsel stated: "* * * I would just ask the Court to please not rely on the fact that the State is insisting because of his homosexuality he should be a sexual predator." These allegations are wholly unsubstantiated, counterproductive, and insulting. The court responded to these allegations, stating: "You know that hasn't been an issue. * * * It absolutely is not * * * his sexual life doesn't have anything to do with me * * * or any judge and any opinion that we would render with reference to his sexual standing and his sexual requirements under the law."[3]
 {¶ 18} The court also considered appellant's psychiatric assessment in finding that he is likely to engage in one or more sexually oriented offenses in the future. Appellant was diagnosed with having persecutory delusions and found to "display a pattern of high risk associated with re-offending." In a sexual predator hearing, the role of a psychiatric evaluation is merely to assist the court, and it must be weighed with all other evidence. Statev. Admire, Cuyahoga App. No. 80249, 2002-Ohio-3267. Individuals with appellant's condition "are often resentful and angry and may resort to violence against those they believe are hurting them." The court considered appellant's condition and found his actions consistent with his diagnosis.
 {¶ 19} The court found persuasive appellant's affidavit to the Ohio Supreme Court suggesting that the original trial judge in this case and he were ex-lovers, and that the judge had made arrangements to obtain appellant's case so that he could hide evidence of their relationship. Appellant's allegations of conspiracy are wholly unsupported and indicative of appellant's continuous attempt to cloud his actions behind fictitious animus toward homosexuals.
 {¶ 20} It is clear from the record that the trial court considered the factors listed in R.C. 2950.09(B)(2) and discussed the evidence upon which it relied in making its determination as to the likelihood of recidivism. We find no error.
 {¶ 21} Appellant's first assignment of error is overruled.
 IV {¶ 22} In his second assignment of error, appellant argues that "the trial court erred by failing to grant a continuance to allow the appellant to obtain records in support of his argument that he should not be classified as a sexual predator." We disagree.
 {¶ 23} It is axiomatic that the granting of a continuance is within the sound discretion of the trial court. State v. Unger
(1981), 67 Ohio St.2d 65. In the case sub judice, appellant claimed that the clinical assessment presented to the trial court, dated October 10, 2001, contained multiple errors and that a second assessment had been performed which was not included in the materials submitted to the court. Appellant failed to present any evidence in support of his allegations other than his own testimony. Although the state seemingly had no objection to a continuation of the matter, the trial court denied appellant's motion. The court found: "It is not going to be continued further. There isn't any reason to continue it further. The Court has sufficient information to proceed and render a decision in this case."
 {¶ 24} We find that the trial court did not abuse its discretion in denying appellant's motion. Appellant was ordered back to the trial court for his classification on October 15, 2001. His hearing did not take place, in large part because of appellant's own motion practice, until July 10, 2003.[4]
Appellant had more than ample time to present all evidence in his defense. The granting of appellant's oral motion for continuance, without any credible evidence that the additional evaluation was performed, would serve only to continue an already delayed proceeding. The trial court's denial of the motion for continuance was certainly within the court's discretion.
 {¶ 25} Appellant's second assignment of error is overruled.
 {¶ 26} The judgment is affirmed.
Judgment affirmed.
Celebrezze, JR., P.J., and Rocco, J., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Francois Budreaux is an alias. Appellant's real name is Lee Joseph Pitts, Jr.
[2] R.C. 2950.09(B)(3) states that the judge "shall consider all relevant factors, including, but not limited to * * *" the eight listed factors.
[3] Tr. pp. 41, 43, 48.
[4] For example, on November 14, 2001, appellant filed a motion challenging the sexual predator hearing. On November 26, 2001, he filed a motion for recusal, extension of time, and an opposition to the hearing. On December 17, 2001 and December 27, 2001, appellant filed motions in opposition to the sexual predator hearing. On January 29, 2002, appellant filed a motion for change of venue and for suppression hearing. On February 13, 2002, he filed a motion to dismiss. On August 27, 2002, he filed a motion to withdraw his guilty plea. On September 13, 2002, he filed an affidavit of bias and prejudice, as well as another motion for recusal.