JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Daniel Gaggi ("Gaggi"), appeals his sentence. Finding some merit to the appeal, we vacate his sentence and remand for resentencing consistent with this opinion.
 {¶ 2} In March 2002, Gaggi was charged with two counts of kidnapping and ten counts of gross sexual imposition (GSI), involving two victims under the age of thirteen. Each GSI count also contained a sexually violent predator specification.
 {¶ 3} In June 2002, Gaggi pled guilty to four amended counts of GSI, and all other charges were dismissed. Gaggi was sentenced to four years in prison on each count, with only two counts to be served concurrently, for a total of twelve years.
 {¶ 4} Gaggi appeals his sentence, raising six assignments of error.
 Post-Release Control {¶ 5} In his second assignment of error, Gaggi argues that the trial court erred when it imposed a term of post-release control via a journal entry without having imposed the term of post-release control in open court at the sentencing hearing.
 {¶ 6} In State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085,817 N.E.2d 864, paragraphs one and two of the syllabus, the Ohio Supreme Court recently held:
When sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence.
When a trial court fails to notify an offender about postrelease control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing.
 {¶ 7} Here, the trial court did not advise Gaggi of post-release control at sentencing but merely incorporated the term of post-release control in its journal entry. Therefore, following the mandates set forth in Jordan, Gaggi's sentence is vacated and this matter is remanded to the trial court for resentencing.[1]
 {¶ 8} Accordingly, we sustain Gaggi's second assignment of error.
 Ex Post Facto Violation {¶ 9} In his fifth assignment of error, Gaggi argues that R.C. 2950.01
et seq., the sexual predator statute, violates Section 10, Article I of the United States Constitution as ex post facto legislation and violates Section 28, Article II of the Ohio Constitution as retroactive legislation. He claims that the recent enactment of Senate Bill 5, which repeals his right to have his sexual predator classification revisited, is unconstitutional as ex post facto legislation. We disagree.
 {¶ 10} This court has previously rejected this argument in State v.Baron, 156 Ohio App.3d 241, 2004-Ohio-747, 805 N.E.2d 173, holding that the Ohio Supreme Court as well as the United States Supreme Court have found that these types of sexual offender registration laws are not punitive in nature and do not violate the prohibition against ex post facto laws. See, State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291,700 N.E.2d 570; Smith v. Doe (2003), 538 U.S. 84, 155 L. Ed. 2d 164,123 S. Ct. 1140.
 {¶ 11} Therefore, following this court's precedent, we find that R.C.2950.09 is constitutionally valid. Accordingly, Gaggi's fifth assignment of error is overruled.
 Sexual Predator Classification {¶ 12} In his final assignment of error, Gaggi argues that the trial court employed an incorrect definition of "sexual predator" in making its determination to classify him as a sexual predator.
 {¶ 13} A sexual predator is defined in R.C. 2950.01(E) as a person who has been convicted of or pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. Thus, before classifying an offender as a sexual predator, the court must find by clear and convincing evidence that an offender is likely to commit a sexually oriented offense in the future. R.C. 2950.09(B)(3).
 {¶ 14} Gaggi argues that the trial court's repeated use of "more likely than not" rather than "likely" in determining whether he is "likely" to engage in future sexual offenses demonstrates a fundamental misunderstanding of the statute. However, Gaggi has not demonstrated how "more likely than not" indicates a fundamental misunderstanding of the statute. We recognize that "more likely than not" is the definition for "probable," which is a lesser standard than "clear and convincing." However, the record reflects that the court stated that the proper standard of proof was clear and convincing evidence. Morever, we find that the trial court considered all relevant factors set forth in R.C.2950.09 and properly classified Gaggi as a sexual predator.
 {¶ 15} Therefore, we find no error in the court's classifying Gaggi a sexual predator, and the court's misstatement of the definition of clear and convincing evidence was harmless error.
 {¶ 16} Accordingly, Gaggi's sixth assignment of error is overruled.
 {¶ 17} Sentence vacated and case remanded for resentencing consistent with this opinion.
Blackmon, A.J. and Corrigan, J. concur
[1] The first, third, and fourth assignments of error which deal with other alleged sentencing errors are therefore moot.