JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-Appellant, Anthony McBooth ("Appellant"), appeals from the trial court's finding that Appellant is a sexual predator. For the reasons set forth below, we affirm.
 {¶ 2} On January 29, 2004, Appellant was indicted for unlawful sexual conduct with a minor with a sexually violent predator specification. On May 28, 2004, Appellant pled guilty to one count of unlawful conduct with a minor, as amended to delete the sexually violent predatory specification. That same day, the court also referred Appellant to the Court Psychiatric Clinic for an evaluation in preparation for a sexual offender classification hearing.
 {¶ 3} On August 4, 2004, prior to sentencing, the court held a sexual offender classification hearing pursuant to R.C. 2950.09(B). At the hearing, the court found that Appellant had been convicted of a sexually oriented offense in this case. The court further considered the factors contained in R.C. 2950.09(B)(2) and discussed each one. The court pointed out the great disparity in age between the Appellant and the victim, explaining that the Appellant was in his thirties at the time he impregnated the fourteen (14) year old victim. The court also mentioned the Appellant's prior sexually oriented offense involving a minor, as well as four non-sexually oriented juvenile adjudications. The court then discussed the psychiatric evaluation, noting the statistical analysis and that an Abel Assessment was done. After reviewing all the factors and evidence, the court found that the State proved by clear and convincing evidence that Appellant had been convicted of a sexually oriented offense and is likely to engage in one or more sexually oriented offenses in the future.
 {¶ 4} Appellant now appeals and assigns three errors for our review. In the interest of convenience, we will address the second assignment of error first.
 {¶ 5} Appellant's second assignment of error states:
 {¶ 6} "R.C. 2950.01 et seq., violates Art. I, Sec. 10, of the United States Constitution as ex post facto legislation, and violates Art. II, Sec. 28, of the Ohio Constitution as retroactive legislation."
 {¶ 7} In his second assignment of error, Appellant contends that R.C.2950.01 et seq., the sexual predator statute, violates Section 10, Article I of the United States Constitution as ex post facto legislation and violates Section 28, Article II of the Ohio Constitution as retroactive legislation. In asserting this proposition, Appellant maintains that the recent enactment of Senate Bill 5, which repeals his right to have his sexual predator classification revisited, is unconstitutional as ex post facto legislation. We disagree.
 {¶ 8} This court has previously rejected this argument. In State v.Baron, 156 Ohio App.3d 241, 2004-Ohio-747, 805 N.E.2d 173, we held that the Ohio Supreme Court, as well as the United States Supreme Court, has found that these types of sexual offender registration laws are not punitive in nature and do not violate the prohibition against ex post facto laws. See State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291,700 N.E.2d 570; Smith v. Doe (2003), 538 U.S. 84, 155 L. Ed.2d 164,123 S. Ct. 1140.
 {¶ 9} Therefore, following this court's precedent, we find R.C. 2950.09
constitutionally valid. Accordingly, Appellant's second assignment of error is without merit.
 {¶ 10} Appellant's first assignment of error states:
 {¶ 11} "The evidence is insufficient, as a matter of law, to prove `by clear and convincing evidence' that Appellant `is likely to engage in the future in one or more sexually oriented offenses.'"
 {¶ 12} Having found R.C. 2950.01, et seq., constitutionally valid, we now address Appellant's first assignment of error that insufficient evidence exists to classify Appellant as a sexual predator.
 {¶ 13} With regard to procedure, in reviewing a claim of insufficient evidence, "[c]learly, the trial court is the trier of facts in sexual classification hearings. On appeal, therefore, this court's role is to determine whether the weight of the evidence supports the trial court's decision. * * * Decisions that are supported by competent, credible evidence will not be reversed by a reviewing court as being against the manifest weight of the evidence." State v. Hills, Cuyahoga App. No. 78546, 2002-Ohio-497.
 {¶ 14} A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E). During a sexual predator hearing, the court "shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C. 2950.09(B)(3). "[C]lear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." State v. Eppinger, 91 Ohio St.3d 158, 164, 2001-Ohio-247,743 N.E.2d 881, quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477, 53 Ohio Op. 361, 120 N.E.2d 118.
 {¶ 15} When determinating whether an offender is a sexual predator, the court must consider the factors enumerated in R.C. 2950.09(B)(2):
 {¶ 16} "(a) The offender's age;
 {¶ 17} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 18} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 19} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 20} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 21} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 22} "(g) Any mental illness or mental disability of the offender;
 {¶ 23} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 24} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 25} "(j) Any additional behavioral characteristics that contribute to the offender's conduct"
 {¶ 26} R.C. 2950.09(B)(2) does not mandate that each factor be satisfied. Instead, it simply requires the trial court to consider all the factors which are relevant to its determination. As the Ohio Supreme Court stated, a "judge must consider the guidelines set out in R.C.2950.09(B)(2), but the judge has discretion to determine what weight, if any, he or she will assign to each guideline." State v. Thompson,92 Ohio St.3d 584, 588, 2001-Ohio-1288, 752 N.E.2d 276.
 {¶ 27} The key to any sexual predator hearing is determining whether the offender is likely to reoffend in the future. While we realize that recidivism is difficult to predict, the trial court should be guided by the Ohio Supreme Court's decision in State v. Eppinger, 91 Ohio St.3d 158,166, 2001-Ohio-247, 743 N.E.2d 881, where the court identified a model procedure for a sexual predator hearing.
 {¶ 28} In a sexual predator hearing, the court has essentially three objectives. Id. First, the court must create, for review, a clear and accurate record of the evidence and testimony considered. Id. Second, the trial court may require the assistance of an expert in determining whether an offender is likely to commit a sexually oriented offense in the future. Id. Finally, the court should discuss, on the record, the evidence and factors of R.C. 2950.09(B)(2) upon which it relied in making its determination as to the sexual offender classification. Id.
 {¶ 29} In the instant matter, a complete record has been prepared for review. The transcript of the sexual predator classification hearing has been provided, which includes the testimony of several of Appellant's witnesses and both parties' arguments. Additionally, both parties stipulated to the use of several exhibits without objection, including the report of Dr. Aronoff from the Court Psychiatric Clinic.
 {¶ 30} In addition to creating a clear record, the court discussed Dr. Arnoff's psychiatric evaluation of the Appellant. While it is true that the court did not give deference to Dr. Arnoff's opinion that the Appellant was in the "medium-low" risk category for reoffending, as we stated in State v. Purser, 153 Ohio App.3d 144, 151, 2003-Ohio-3523,791 N.E.2d 1053, "with regard to [a] series of tests designed to recognize an appellant's propensity to offend, the lower court is not obligated to give the psychological report or tests any great weight or deference." See State v. Colpetzer, Cuyahoga App. No. 79983, 2002-Ohio-967;State v. Ellison, Cuyahoga App. No. 78256, 2002-Ohio-4024. Instead, the court was more concerned that the Appellant's social desirability score was high, suggesting that the Appellant was unwilling to admit to violations of common social mores and that he had difficulty responding truthfully to others. Further, the court noted Appellant's high probability value for the denier category which matches those of individuals who attempt to conceal having molested a child.
 {¶ 31} Finally, in reviewing the record of the instant matter, it is clear that the trial court adhered to the statutory requirements and considered the factors enumerated in R.C. 2950.09(B)(2). In conducting the sexual predator hearing, the trial court systematically addressed the factors in R.C. 2950.09(B)(2) and specifically stated which factors were most relevant to the sexual predator determination. First, the trial court noted the Appellant's age of thirty-four (34) and disagreed with the psychological report with regard to offenders over the age of twenty-five (25) years of age, finding that the Appellant was in his thirties when he committed both sexually oriented offenses, and as such, was more likely to reoffend. Second, the court found that Appellant's past criminal record indicates he is likely to engage in sexually oriented offenses in the future. The court considered the Appellant's earlier conviction for unlawful sexual conduct with a minor for which he was sentenced to prison, and four juvenile adjudications, one for theft, one for unruliness, one for criminal trespass and one for drug possession. Third, the trial court pointed out that the age of the victim in this offense was fourteen (14) and that there was a great disparity between the age of the Appellant and the victim. Lastly, the court determined that the Appellant would be more likely to offend in the future with a minor, since he has impregnated two minors under the age of sixteen (16) within the past three years.
 {¶ 32} In the case herein, a review of the record demonstrates that the trial court was presented with clear and convincing evidence to support its ultimate adjudication that Appellant is a sexual predator as contemplated by R.C. 2950.01(E). Therefore, Appellant's first assignment of error is without merit.
 {¶ 33} Appellant's third assignment of error states:
 {¶ 34} "The trial court erred in considering Mr. McBooth's juvenile adjudications as criminal offenses under R.C. 2950.09(B)(2)."
 {¶ 35} The trial court rightly considered Appellant's juvenile record in determining Appellant's classification as a sexual predator. "Pursuant to R.C. 2950.09(B)(2), a judge may also consider any other evidence thathe or she deems relevant to determining the likelihood of recidivism." (Emphasis added.) State v. Thompson, 92 Ohio St.3d 584, 2001-Ohio-1288,752 N.E.2d 276, paragraph one of the syllabus. This court has stated that there is a relaxed standard for admissibility of evidence in sexual-predator hearings and the rules of evidence do not strictly apply. State v. Baron, Cuyahoga App. No. 80712, 2002-Ohio-4588, citingState v. Cook (1998), 83 Ohio St.3d 404, 425, 700 N.E.2d 570. "As long as the evidence sought to be admitted meets the minimum standard of `reliable hearsay,' the evidence is admissible." Id., citing State v.Reed (May 16, 2001), 2001-Ohio-3271, Jefferson App. No. 00 JE 22; Statev. Lee (1998), 128 Ohio App.3d 710, 716 N.E.2d 751. In accordance with this principle, several appellate courts have considered evidence of juvenile adjudications in determining an offender's sexual predator classification. State v. Garrie, Washington App. No. 01CA21, 2001-Ohio-5788; State v. Hart (Mar. 24, 2000), Hamilton App. No. C-990541; State v. Quarry (Aug. 14, 1998), Hamilton App. No. C-970830.
 {¶ 36} While juvenile adjudications are not admissible at the trial or sentencing of a criminal matter, such evidence is clearly pertinent to the determination of Appellant's likelihood to commit a sexual offense in the future. Past behavior is relevant evidence in determining the likelihood of recidivism because "past behavior is often an important indicator for future propensity." State v. Roscoe (Feb. 25, 1999), Cuyahoga App. No. 73841, citing State v. Bartis (Dec. 9, 1997), Franklin App. No. 97APA05-600, affirmed (1998), 84 Ohio St.3d 9, 701 N.E.2d 687. Accordingly, in the case sub judice, the trial court properly considered Appellant's juvenile adjudications. Therefore, Appellant's third assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., and Calabrese, Jr., J., concur.