OPINION
{¶ 1} Appellant appeals the June 22, 2005, decision of the Delaware County Common Pleas Court classifying him as a sexual offender and ordering him to register.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 5, 1992, Appellant entered a guilty plea to Gross Sexual Imposition and Rape.
 {¶ 3} On June 22, 2005, a sexual predator hearing was held. At said hearing, both parties agreed that Appellant had committed a sexually oriented offense and that Appellant was a sexually oriented offender. At the conclusion of said hearing, the trial court found that Appellant was not a sexual predator but was a sexually oriented offender and ordered him to register as such.
 {¶ 4} It is from such decision that Appellant now appeals, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 5} "I. THE TRIAL COURT ERRED BY FINDING THAT THE APPELLANT WAS SEXUAL OFFENDER AND THEREFORE REQUIRED TO REGISTER, THIS BEING IN VIOLATION OF HIS OHIO AND UNITED STATES CONSTITUTIONAL RIGHTS."
 I. {¶ 6} In his sole assignment of error, Appellant argues that the trial court erred in imposing upon Appellant the duty to register as a sexually oriented offender. We disagree.
 {¶ 7} Specifically, Appellant argues that the retroactivity clause of the Ohio Constitution and the Ex Post Facto provisions of the United States Constitution prohibit the trial court from imposing such duty.
 {¶ 8} At appellant's dispositional hearing, the trial court classified appellant as a "sexually oriented offender," after finding the classifications of "sexual predator" and "habitual sexual offender" to be inapplicable. "A sexually oriented offender is a person who has committed a `sexually oriented offense' as defined in R.C. 2950.01(D), and does not meet the definition of either a habitual sex offender or sexual predator."State v. Williams, 88 Ohio St.3d 513, 519, 2000-Ohio-428.
 {¶ 9} R.C. § 2950.01(D)(1) defines a sexually-oriented offense to include the offenses of gross sexual imposition and rape when committed by a person eighteen years of age or older.
 {¶ 10} A sexually-oriented offender who has not been adjudicated a sexual predator or habitual sexual offender is required to register and annually verify, for a period of ten years, his or her whereabouts with the sheriff in the county in which the offender resides. See R.C. § 2950.04, § 2950.06(B)(2), and § 2950.07(B)(3).
 {¶ 11} Upon review, we find the trial court did not err in ordering the defendant to register as a sexually-oriented offender pursuant to R.C. Chapter 2950
 {¶ 12} The Ohio Supreme Court and the United States Supreme Court have addressed these issues and found that these types of sexual offender registration laws are not punitive in nature and do not violate the prohibition against ex post facto laws, without reference to the ability of the offender to petition for revision of the classification. Smith v. Doe (2003),538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164; State v. Baron,156 Ohio App.3d 241, 805 N.E.2d 173, 2004-Ohio-747. Therefore, there is no need for this court to revisit this issue. Pursuant to current state and federal case law, R.C. 2950.09 is constitutionally valid and is not violative of the appellant's rights.
 {¶ 13} Moreover, State v. Cook, 83 Ohio St.3d 404,700 N.E.2d 570, 1998-Ohio-291, the Ohio Supreme Court reviewed the appellate court's decision and determined that R.C. 2950.01 et seq. did not violate either the ex post facto clause or the retroactivity clause of the Constitution. In so finding, the Ohio Supreme Court reversed the appellate decision and reinstated the trial court's decision. Therefore, 2950.01 et seq. does not unconstitutionally violate the ex post facto clause or the retroactivity clause.
 {¶ 14} Based on the foregoing, this Court finds Appellant's sole assignment of error not well-taken and same is hereby overruled.
 {¶ 15} Accordingly, the judgment of the Delaware County Common Pleas Court is affirmed.
By: Boggins, J. Hoffman, P.J. and Edwards, J. concurs.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Common Pleas Court, Delaware County, Ohio, is affirmed. Costs assessed to Appellant.