OPINION
{¶ 1} Appellant, Marco A. Mangialardo, appeals from the April 28, 2003 judgment entry of the Lake County Court of Common Pleas, in which he was sentenced for attempted unlawful sexual conduct with a minor and labeled as a sexual predator.
 {¶ 2} On December 9, 2002, appellant was indicted by the Lake County Grand Jury on three counts of unlawful sexual conduct with a minor, felonies of the second degree, in violation of R.C.2907.04(A). On December 13, 2002, appellant filed a waiver of the right to be present at his arraignment, and the trial court entered a not guilty plea on his behalf.
 {¶ 3} On March 21, 2003, appellant appeared in court and entered written and oral pleas of guilty to a lesser included offense of count one, attempted unlawful sexual conduct with a minor, a felony of the third degree, in violation of R.C. 2923.02
and R.C. 2907.04(A). Pursuant to its March 28, 2003 judgment entry, the trial court accepted appellant's guilty plea with respect to count one and entered a nolle prosequi on the remaining two counts. Also, the trial court referred the matter to the Adult Probation Department for a presentence investigation report, a victim impact statement, a drug and alcohol evaluation, and an H.B. 180 sexual predator classification report.
 {¶ 4} A joint sexual predator and sentencing hearing was held on April 16, 2003. According to its April 18, 2003 judgment entry, the trial court classified appellant as a sexual predator.
 {¶ 5} The facts emanating from the record are as follows: during the summer of 2002, appellant, who was twenty-one years old, engaged in sexual intercourse with a thirteen-year-old girl ("the victim") on four or five separate occasions in her bedroom. The instant charges arose on July 30, 2002, when officers from the Eastlake Police Department questioned appellant on an unrelated matter regarding a series of area thefts, at which time appellant voluntarily disclosed that he had been having sex with the victim.[1] Appellant acknowledged that he was aware that the victim was thirteen years of age.
 {¶ 6} According to the psychological evaluation conducted by licensed clinical psychologist, John Fabian ("Dr. Fabian"), appellant had a low I.Q., suffered from mild mental retardation, and was found to be alcohol and marijuana dependent. Appellant scored a four on the Static 99 risk assessment, which placed him in the medium/high category of recidivism for sex offenses. Thus, Dr. Fabian opined that appellant posed a substantial risk for future sexual offending.
 {¶ 7} Pursuant to its April 28, 2003 judgment entry, the trial court sentenced appellant to three years of community control and ordered him to serve one hundred eighty days in jail, with credit for seventy-eight days served. In addition, the trial court found appellant to be a sexual predator. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 8} "The trial court committed reversible error when it labeled [appellant] a sexual predator against the manifest weight of the evidence."
 {¶ 9} In his sole assignment of error, appellant argues that the trial court erred by labeling him a sexual predator against the manifest weight of the evidence because there was no clear and convincing evidence that he was likely to commit a sexual offense in the future.
 {¶ 10} R.C. 2950.01(E)(1) defines a sexual predator as "[a] person [who] has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 11} In making a determination as to whether an offender is a sexual predator, the trial court must look to and consider all relevant factors pursuant to R.C. 2950.09(B)(3). The statutory criteria are intended to aid the trial court, which must determine by clear and convincing evidence, whether an offender is likely to commit one or more sexually oriented offenses in the future. Clear and convincing evidence is more than a mere preponderance of the evidence, yet does not rise to the level of evidence beyond a reasonable doubt. Cross v. Ledford (1954),161 Ohio St. 469, 477. Clear and convincing evidence is evidence which "`produces in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" Statev. Campbell (Dec. 22, 2000), 11th Dist. No. 99-L-012, 2000 Ohio App. LEXIS 6092, at 7, quoting Cross, supra, at paragraph three of the syllabus. Thus, "* * * a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof."State v. Schiebel (1990), 55 Ohio St.3d 71, 74.
 {¶ 12} The Supreme Court of Ohio has indicated that appellate courts use a manifest weight standard to review a trial court's finding that an offender is a sexual predator. State v. Cook
(1998), 83 Ohio St.3d 404, 426. Thus, if the trial court's finding that an offender is a sexual predator is supported by the weight of the evidence, then the court must also have had sufficient evidence before it to satisfy the requisite clear and convincing degree of proof. Therefore, when reviewing questions of weight, an appellate court must determine whether the state appropriately carried its burden of persuasion by engaging in a limited weighing of the evidence. State v. Davis (Dec. 31, 1998), 11th Dist. No. 97-L-246, 1998 Ohio App. LEXIS 6389, at 34.
 {¶ 13} In the instant matter, because appellant pleaded guilty to a sexually oriented offense, the first prong of R.C.2950.01(E)(1) has been met. Therefore, this court must determine the second prong of R.C. 2950.01(E)(1), namely, whether appellant is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 14} The trial court relied upon numerous factors under R.C. 2950.09(B)(3) in supporting its finding that appellant is a sexual predator, and stated the following in its April 28, 2003 judgment entry:
 {¶ 15} "In determining that [appellant] is a Sexual Predator within the meaning of R.C. 2950.01 and 2950.09, the Court finds the following factors as set forth in R.C. 2950.09(B)(3):
 {¶ 16} "(a) [Appellant] is currently twenty-two (22) years of age and was twenty-one (21) years of age at [the] time of the instant offense.
 {¶ 17} "(b) [Appellant] has a lengthy criminal record as an adult, including convictions for Falsification, Telephone Harassment, Theft, Possession of Marijuana, Making False Alarms, and numerous Disorderly Conduct violations. [Appellant] had a delinquency adjudication and an unruly adjudication as a juvenile. Finally, [appellant] has a prior conviction for a sexually oriented offense, to wit: Corruption of a Minor in the Willoughby Municipal Court in 2000.
 {¶ 18} "(c) The victim of the sexually oriented offense for which sentence is being imposed was thirteen (13) years of age at the time of the instant offense.
 {¶ 19} "(d) Although the sexually oriented offense for which sentence is being imposed did not involve multiple victims, there were multiple acts of sexual intercourse with the same victim in the instant case.
 {¶ 20} "(f) Although [appellant] was previously convicted of a sexually oriented offense in 2000, he has not participated in any available sexual offender treatment program.
 {¶ 21} "(g) [Appellant] has been diagnosed as suffering from various mental illnesses and/or disabilities, including mild mental retardation, antisocial personality disorder, learning disabilities, attention deficient disorder as a youth, depression, and pedophiliac traits.
 {¶ 22} "(h) The nature of [appellant's] sexual conduct with the victim of the sexually oriented offense demonstrated a pattern of activity or abuse. Specifically, [appellant] did not engage in an isolated incident of sexual conduct with the victim, but rather engaged in multiple acts of sexual intercourse with the victim over a period of time.
 {¶ 23} "(j) Additional behavioral characteristics that contribute to [appellant's] conduct include the following:
 {¶ 24} "(1) [Appellant] was diagnosed as posing a moderate to high risk of reoffending based on actuarial testing performed by Dr. Fabian in preparation for the sexual predator hearing.
 {¶ 25} "(2) Dr. Fabian diagnosed [appellant] as posing `a substantial risk' of reoffending from an overall clinical standpoint."
 {¶ 26} The overwhelming evidence presented at the sexual predator hearing, as well as the trial court's foregoing cogent analysis regarding the applicable R.C. 2950.09(B)(3) factors, clearly establish that the trial court was presented with clear and convincing evidence that appellant is likely to re-offend sexually in the future. With respect to recidivism, we must stress that appellant, as an adult, committed and was convicted in 2000 for the same behavior, engaging in sexual intercourse with a thirteen-year-old girl. Thus, the trial court properly labeled appellant as a sexual predator.
 {¶ 27} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
O'Neill, J., Rice, J., concur.
[1] Appellant was previously convicted of a sexually oriented offense in 2000, corruption of a minor, which also involved sexual intercourse with a thirteen-year-old female victim.