JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Michael Webb appeals from the trial court's determination that he is a sexual predator. For the reasons set forth below, we affirm.
 {¶ 2} On February 19, 2004, the Cuyahoga County Prosecutor notified the trial court that defendant was scheduled to be paroled from the Northern Central Correctional Institution, and requested that the court schedule a hearing to determine whether defendant should be adjudicated a sexual predator. The matter proceeded to hearing on May 25, 2004. At this time, the state demonstrated that, on August 9, 1984, defendant was indicted for eighteen counts of rape with prior felony specifications, two counts of kidnapping, and one count of aggravated burglary with a prior felony specification. On January 25, 1985, defendant pled guilty to two counts of rape with a prior felony specification, and was sentenced to two consecutive terms of ten to twenty-five years imprisonment.
 {¶ 3} The state further demonstrated that the indictment was filed in connection with attacks on two women. With regard to the first incident, the state demonstrated that on July 14, 1984, defendant was on a date and asked the woman to walk with him near the flats. He began to kiss the woman and, when she resisted his advances, he struck her, dragged her to a grassy area, then forcibly engaged in vaginal, anal, and oral sex with her. With regard to the second incident, the state demonstrated that, less than one day later, defendant broke into the home of the second woman and repeatedly raped her at knife point while she held her son.
 {¶ 4} The state also demonstrated that the prior felony specification arose from defendant's 1975 conviction for aggravated robbery. Defendant had also been charged with numerous other offenses, including corrupting the morals of a minor (1977), breaking and entering (1978), assault (1983). Finally, the state demonstrated that defendant completed the Static-99 Evaluation to determine likelihood of recidivism, and scored in the medium to high range. Based upon this score, 33 per cent of similarly situated offenders will re-offend within five years, 38 per cent will re-offend within ten years, and 40 per cent will re-offend within forty years. Defendant also completed the Minnesota Sex Offender Screening Tool, which placed him in the "moderate" risk level for re-offending. Moreover, according to the state, the director of the court psychiatric clinic expressed concerns that defendant would re-offend due to the fact that the victims were unrelated, he has a long criminal history, he has a poor relationship with his mother, and has previously been charged with corrupting a minor.
 {¶ 5} Defendant testified that, since being released from prison, he had been hired by Peterson Construction. He also testified that he participates in an aftercare program to keep from re-offending, and that while imprisoned he completed the Magellan Sex Offender Program where he learned victim empathy. In addition, he participated in a domestic violence program, an anger management program, and attends Alcoholics Anonymous meetings. He is now fifty years-old.
 {¶ 6} The trial court subsequently determined that defendant is a sexual predator. Defendant appeals and assigns three errors for our review.
 {¶ 7} Defendant's first assignment of error assignment of error states:
 {¶ 8} "The evidence is insufficient, as a matter of law, to prove by `clear and convincing evidence' that appellant is `likely to engage in the future in one or more sexually oriented offenses'."
 {¶ 9} A sexual predator is defined in R.C. 2950.01(E) as a person who has been convicted of or pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. Thus, before classifying an offender as a sexual predator, the court must find by clear and convincing evidence that an offender is likely to commit a sexually oriented offense in the future. R.C. 2950.09(B)(3).
 {¶ 10} In State v. Eppinger, 91 Ohio St.3d 158, 164, 2001-Ohio-247,743 N.E.2d 881, the Ohio Supreme Court defined the clear and convincing evidence standard as follows:
 {¶ 11} "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." State v. Eppinger,
supra, citing Cross v. Ledford (1954), 161 Ohio St. 469, 477,120 N.E.2d 118.
 {¶ 12} In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. State v. Schiebel (1990), 55 Ohio St.3d 71, 74,564 N.E.2d 54.
 {¶ 13} The factors the court must consider when making a sexual predator determination are set forth in R.C. 2950.09(B)(2):
 {¶ 14} "(a) The offender's age;
 {¶ 15} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 16} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 17} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 18} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 19} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 20} "(g) Any mental illness or mental disability of the offender;
 {¶ 21} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 22} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 23} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 24} In this matter, the record demonstrates that defendant brutally attacked two women in 1984, had a prior conviction for aggravated robbery, and had an extensive arrest record, including an arrest for corruption of a minor. Although defendant is now middle-aged, has participated in programs while in prison, and says that he learned victim empathy, he still does not appear to have good insight into his crimes as he stated that he "quite possibly may have screwed her life up" (Tr. 17), an apparent reference to but one of the two victims. Moreover, defendant's score on the Static-99, indicates that he is in the medium-high risk category of sexual recidivism.
 {¶ 25} In accordance with the foregoing, we conclude that the record contains sufficient evidence to demonstrate that there is clear and convincing evidence that defendant is likely to engage in the future in one or more sexually oriented offenses. Accord State v. Moore, Cuyahoga App. No. 83692, 2004-Ohio-5732; State v. Mangialardo, Lake App. No. 2003-L-075, 2004-Ohio-3681.
 {¶ 26} The first assignment of error is without merit.
 {¶ 27} Defendant's second assignments of error assignment states:
 {¶ 28} "As held by the Ohio Supreme Court in State v. Thompson, the trial court erred in determining that the appellant was a sexual predator without considering, or placing upon the record any of the relevant factors codified at R.C. 2950.09(B)(2)."
 {¶ 29} When determining whether a person is a sexual predator, the court must consider all relevant factors, including those listed in R.C.2950.09(B)(2). "The statute does not require the court to list the criteria, but only to `consider all relevant factors, including' the criteria in R.C. 2950.09(B) (2) in making his or her findings." State v.Cook (1998), 83 Ohio St.3d 404, 426, 700 N.E.2d 570.
 {¶ 30} In State v. Thompson, 92 Ohio St.3d 584, 2001-Ohio-1288,752 N.E.2d 276, the court explained:
 {¶ 31} "We find that the factors listed in R.C. 2950.09(B)(2) are guidelines that serve an important function by providing a framework to assist judges in determining whether a defendant, who committed a sexually oriented offense, is a sexual predator. These guidelines provide consistency in the reasoning process. Without such guidelines, judges would be left in uncharted waters and decisions on whether a defendant was a sexual predator could vary widely depending on a judge's own viewpoint on the issue.
 {¶ 32} "However, these guidelines do not control a judge's discretion. R.C. 2950.09(B)(2) requires a court to `consider all relevant factors including, but not limited to, all of the following [factors].' This language requires the court to `consider' the factors listed in R.C. 2950.09(B)(2), but does not direct the court on what weight, if any, it must assign to each factor. Such an interpretation makes sense because determining recidivism is at best an imperfect science and while the guidelines set forth potentially relevant factors, some may not be applicable in every case. Thus, R.C. 2950.09(B)(2) does not divest a court of its fact-finding powers in assessing the relevancy of each factor. As we stated in State v. Eppinger (2001), 91 Ohio St.3d 158, 166,743 N.E.2d 881, 889, `the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss, on the record, the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism.' (Emphasis added.)"State v. Thompson, supra.
 {¶ 33} In this matter, we conclude that the lower court adequately discussed on the record the particular evidence and factors upon which it relied in making its determination. The Court outlined the nature of the rapes, noted the particularly violent nature of the attacks, and remarked that the future risk assessments placed defendant in the moderate to high risk for reoffending.
 {¶ 34} The second assignment of error is without merit.
 {¶ 35} Defendant's third assignment of error states:
 {¶ 36} "R.C. 2950.01 et seq., as applied to Mr. Webb, violates Art. 1, Sec. 10, of the United States Constitution as ex post facto legislation, and violates Art. II, Sec.28 of the Ohio Constitution as retroactive legislation."
 {¶ 37} Within this assignment of error, defendant complains that his convictions for sexual offenses occurred over ten years before the registration and notification requirements of H.B. 180 became effective.
 {¶ 38} This contention was rejected in State v. Cook (1998),83 Ohio St.3d 404, 700 N.E.2d 570, wherein the Court held:
 {¶ 39} "R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I of the United States Constitution."
 {¶ 40} Accord State v. Ward (1999), 130 Ohio App.3d 551,720 N.E.2d 603.
 {¶ 41} Accordingly, this assignment of error is without merit. Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and Gallagher, J., concur.