JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Carvin Courts appeals from the determination of the Cuyahoga County Court of Common Pleas that he is a sexual predator.
 {¶ 2} Appellant argues that the determination lacks an adequate basis in the evidence presented to the trial court. Appellant further argues that the classification scheme under which the determination was made violates several of his constitutional rights, including the rights to due process of law, to trial by jury, to be protected from ex post facto laws, and to be shielded from double jeopardy.
 {¶ 3} After an examination of the record, this court finds the trial court's decision is supported by clear and convincing evidence and also finds appellant waived his constitutional arguments. Consequently, the trial court's determination is affirmed.
 {¶ 4} Appellant originally was indicted in the instant case in 1987 on two counts that charged him with kidnapping and rape. Each count carried a violence specification for appellant's 1986 conviction for the crime of sexual battery.
 {¶ 5} Appellant eventually negotiated a plea agreement with the state; in exchange for the dismissal of count one and the specification, appellant entered a guilty plea to the offense of rape. The trial court sentenced appellant to a prison term of five to twenty-five years. The term was ordered to be served concurrently with the sentence imposed in another case.
 {¶ 6} In February 2004, just prior to appellant's release from prison, the state requested a sexual predator classification hearing pursuant to R.C. 2950.09(C). The trial court granted the request, ordered the penal institution to forward appellant's inmate file to the court, and further ordered an evaluation of appellant by the court psychiatric clinic.
 {¶ 7} Appellant's hearing took place on August 11, 2004. According to the record, the court considered appellant's inmate file, the psychiatric evaluation, appellant's criminal history, the circumstances surrounding appellant's rape conviction, the fact that appellant had been out of prison only since March, and information that appellant had participated in sexual offender programs while incarcerated and had been married to the same woman for many years. After doing so, the court determined appellant should be classified as a sexual predator.
 {¶ 8} Appellant appeals the determination by presenting the following four assignments of error:
 {¶ 9} "I. THE EVIDENCE PRESENTED IS NOT SUFFICIENT TO PROVE `BY CLEAR AND CONVINCING EVIDENCE' THAT APPELLANT IS LIKELY TO COMMIT A SEXUALLY ORIENTED OFFENSE IN THE FUTURE.
 {¶ 10} "II. THE PROVISIONS OF OHIO REVISED CODE CHAPTER 2950 VIOLATE THE FIFTH AND SIXTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES.
 {¶ 11} "III. THE RETROACTIVE APPLICATION OF OHIO REVISED CODE CHAPTER 2950 VIOLATES THE EX POST FACTO CLAUSE OF ARTICLE I OF THE CONSTITUTION OF THE UNITED STATES.
 {¶ 12} "IV. THE PROVISIONS OF OHIO REVISED CODE CHAPTER 2950 VIOLATE THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES."
 {¶ 13} Appellant's first assignment of error challenges the trial court's classification of him as a sexual predator on the basis that it is not adequately supported in the record. This court cannot agree.
 {¶ 14} The Ohio Supreme Court has directed a trial court to engage in a weighing process when considering any factors it finds relevant to a sexual predator determination. State v. Thompson, 92 Ohio St.3d 584,2001-Ohio-1288. R.C. 2950.09 requires the trial court to discuss on the record those factors upon which it actually relied in making a determination as to the offender's status. State v. Eppinger,91 Ohio St.3d 158, 2001-Ohio-247. A review of the transcript of the hearing reveals the trial court complied with its duties by mentioning each of the facts and the factors it considered in its weighing process. Id.
 {¶ 15} The record in this case reflects many of the relevant statutory factors were met. Appellant had a criminal record of past offenses of escalating violence. Although he had been incarcerated for many years, his more recent crimes had included sexual attacks upon women. Indeed, appellant committed the instant offense while still on probation for his sexual battery conviction. Appellant abducted his victim "off the street," beat her about the face and body during the attack, then simply shoved her back out onto the pavement. He later claimed the encounter was consensual.
 {¶ 16} During appellant's period of incarceration, although he had made efforts to gain insight into his problems, his institutional record revealed he had been charged with 23 rule infractions. Some of the infractions, including recent ones, were sexual in nature.
 {¶ 17} The court psychologist's evaluation took place just prior to the hearing. Appellant was diagnosed as having an "antisocial personality disorder;" the psychologist further indicated appellant demonstrated a "pervasive pattern of disregard for and violation of the rights of others occurring since age 15." Significantly, even after many years of incarceration and participation in programs offered through the prison, appellant denied having committed the rape, and revealed he had engaged in "incidents of domestic violence" with his wife.
 {¶ 18} Furthermore, according to the statistical evaluation's scoring system, appellant had a "39 percent chance of re-offending sexually" within five years. In sexual offense cases, casting recidivism potential in such terms is misleading; it may imply the risk that the perpetrator will re-offend is not "likely," as set forth in the statutory definition of a sexual predator. R.C. 2950.01(E). The test under which the court must weigh the evidence, however, is whether it is "clear and convincing," thus instilling in the court a "firm belief" that the potential exists. State v. Eppinger, supra.
 {¶ 19} The extent of the physical and long-term psychological harm a sexual offender inflicts upon his victim, particularly a child victim, is exponentially greater than that of the perpetrator of a more non-invasive offense. Viewed in the context of the announced purpose of "Megan's Law," therefore, a nearly forty percent chance of committing another rape constitutes a greater "risk" than does a sixty percent chance of committing, for instance, another shoplifting.
 {¶ 20} As this court observed in the case of a claim against an employer for intentional tort, "[w]hile statistical assessments may be helpful * * *, they are not conclusive," because the prediction of risk "involves not only a consideration of the likelihood that harm will occur, but also an assessment of the seriousness of the harm if the risk does come to pass." Padney v. MetroHealth Med. Ctr. (2001),145 Ohio App.3d 759 at 767. In other words, risks differ depending on the potential injury which may occur; consequently, courts "cannot attach decisive significance to statistical risk assessments." Id.
 {¶ 21} The record thus demonstrates that appellant had an appropriately-conducted hearing and was ably represented by competent counsel, and that the trial court carefully evaluated the evidence presented in conjunction with the statutory criteria. Consequently, this court will not disturb its determination. State v. Webb, Cuyahoga App. No. 84802, 2005-Ohio-1012; State v. Rogers, Cuyahoga App. No. 80435, 2002-Ohio-3443.
 {¶ 22} Appellant's first assignment of error is overruled.
 {¶ 23} Appellant's second, third, fourth and fifth assignments of error challenge the trial court's classification of him on various constitutional grounds. Appellant argues the statutory scheme is "punitive in nature," and violates his constitutional rights to due process of law and to trial by jury, along with the constitutional prohibitions against ex post facto and retroactive legislation and against double jeopardy.
 {¶ 24} It first must be noted that appellant raised no objections to the sexual classification hearing on these grounds. Pursuant to State v.Awan (1986), 22 Ohio St.3d 120, therefore, these challenges were waived for purposes of appeal.
 {¶ 25} At any event, this court previously has rejected such arguments. State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291; State v.Baron, 156 Ohio App.3d 241, 2004-Ohio-747; State v. Webb, supra, ¶ 38-40; State v. Gaggi, Cuyahoga App. No. 84919, 2005-Ohio-1992.
 {¶ 26} Accordingly, appellant's second, third, fourth and fifth assignments of error also are overruled.
Affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J. Concurs Cooney, J. Concurs In Judgment Only.