JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Dimitri McDaniel ("McDaniel"), appeals from his conviction and sentence in the Cuyahoga County Court of Common Pleas for possession of drugs in violation of R.C. 2925.11, a felony of the second degree, and having a weapon under disability in violation of R.C.2923.13, a felony of the fifth degree. For the reasons stated below, we affirm.
 {¶ 2} McDaniel entered a plea of guilty to the above charges. He was sentenced to a two-year prison term for the possession of drugs charge and a six-month prison term for the charge of having a weapon under disability. McDaniel has raised two assignments of error on this appeal for our review. His first assignment of error provides:
 {¶ 3} "I. The trial court failed to substantially comply with the mandates of criminal rule 11."
 {¶ 4} McDaniel argues that at the time of his plea the trial court, in violation of Crim.R. 11, failed to inform him that he would be placed on post-release control, and incorrectly informed him that the Adult Parole Authority would decide whether to supervise him.
 {¶ 5} Pursuant to Crim.R. 11(C)(2)(b), a trial court may not accept a guilty plea from a criminal defendant in a felony case without first addressing the defendant personally and informing him or her of the effect of the plea and determining that he or she understands the consequences of the guilty plea. However, the trial court need only substantially comply with those requirements of Crim.R. 11 that do not involve the waiver of a constitutional right. State v. Ballard (1981),66 Ohio St.2d 473, 476. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his [or her] plea and the rights he [or she] is waiving."State v. Nero (1990), 56 Ohio St.3d 106, 108.
 {¶ 6} With regard to post-release control, R.C. 2967.28(B) and (C) provide that felony offenders are subject to terms of post-release control depending upon the degree and type of felony committed. R.C. 2967.28(B)(2) provides that a three-year period of post-release control is mandatory for a felony of the second degree that is not a felony sex offense. R.C.2967.28(C) provides that any sentence of a prison term for a felony of the fifth degree is subject to a period of post-release control of up to three years.
 {¶ 7} The Supreme Court of Ohio has held that "[i]f a trial court has decided to impose a prison term upon a felony offender, it is duty-bound to notify that offender at the sentencing hearing about postrelease control and to incorporate postrelease control into its sentencing entry * * *." State v. Jordan, 104 Ohio St.3d 21, 27, 2004-Ohio-6085. Moreover, "a court's duty to include a notice to the offender about postrelease control at the sentencing hearing is the same as any other statutorily mandated term of a sentence." Id. at 28. With respect to a plea hearing, a trial court's lack of notification regarding post-release control could in some instances form a basis to vacate a plea. Id. at 28. Without an adequate explanation of post-release control from the trial court, a defendant could not fully understand the consequences of his plea as required by Crim.R. 11(C). State v. Jones (May 24, 2001), Cuyahoga App. No. 77657.
 {¶ 8} A review of the transcript in this case reflects that the trial court misinformed McDaniel at the plea hearing that the Adult Parole Authority would determine whether to supervise him under post-release control, rather than informing McDaniel that post-release control was mandatory. Nevertheless, McDaniel was advised about post-release control and the sanctions associated with violating it. Further, McDaniel does not argue that he would have changed his plea had he been informed that post-release control would be imposed.
 {¶ 9} Under the totality of the circumstances in this case, we conclude the trial court sufficiently notified McDaniel about post-release control and substantially complied with the mandates of Crim.R. 11. We also find that McDaniel understood the implications of his guilty plea and the rights he was waiving, and that his plea was knowing, voluntary, and intelligent. McDaniel's first assignment of error is overruled.
 {¶ 10} McDaniel's second assignment of error provides:
 {¶ 11} "II. The trial court failed to make the necessary finding on the record necessary for the imposition of the sentence."
 {¶ 12} McDaniel argues that the trial court failed to make the necessary findings for the imposition of consecutive sentences. The law is well settled that we will not reverse a trial court on sentencing issues unless the defendant shows by clear and convincing evidence that the trial court has erred. State v. Douse, Cuyahoga App. No. 82008, 2003-Ohio-5238, citing R.C. 2953.08(G).
 {¶ 13} R.C. 2929.14(E)(4)states:
"If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
"(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
"(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 14} In order to impose consecutive sentences, a trial court must "make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus; see, also, State v. Lett, Cuyahoga App. Nos. 84707 and 84729, 2005-Ohio-2655.
 {¶ 15} In this case, the trial court set forth its reasons and findings for imposing consecutive sentences as follows:
"THE COURT: All right. The defendant has never been sentenced to prison before for the prior crimes he's been charged with. In 1993 he had an offense of possession of drugs and possession of drugs in 2000, of which he successfully completed a Community Control offense or sentence. On a felony of the Second Degree, I'm going to give the defendant two years of prison at the Lorain Correctional Institute. On a felony of the Fifth Degree, it will be six months, and that sentence will run consecutive. So, that will be a total of thirty months in prison. It's an optional sentence.
"This sentence is necessary to protect the public and to punish the offender. This sentence is not disproportionate to the sentence imposed. And the defendant's criminal history shows that a consecutive term is needed to protect the public. And the harm is so great or unusual, that a single term would not adequately reflect the seriousness of the conduct.
"What I'm getting at here is that he is participating in the drug trade. Although he may feel it is necessary in order to protect himself by carrying a gun, but it puts everybody at risk who deals with him if he does. The police officers are seeking to enforce the drug laws, and those who are participating in the drug laws. And so much of this goes on, and results in violence against people who participate in the drug trade. And I am not condoning that violence. And to be carrying weapons while participating in it, it [just] promulgates the whole situation."
 {¶ 16} We have carefully reviewed the record and find that there is clear and convincing evidence to support the trial court's determination. We find that McDaniel was properly sentenced to consecutive sentences and that the court sufficiently gave its reasons and findings pursuant to R.C. 2929.14. McDaniel's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, J., Concurs; Mcmonagle, J., Concurs in Judgment only(see separate concurring opinion).
CONCURRING OPINION