JOURNAL ENTRY and OPINION
{¶ 1} After entering guilty pleas to one count of gross sexual imposition and one count of attempted gross sexual imposition, defendant-appellant Patrick Fleming appeals from the trial court's classification of him as a sexual predator.
 {¶ 2} Fleming challenges his classification as a sexual predator on the following bases: the statutory scheme violates the United States and the Ohio Constitutions' proscriptions on ex post facto and retroactive laws; the trial court failed to make the required statutory analysis in making its decision; the decision is unsupported by evidence in the record; and, finally, his defense counsel provided ineffective assistance.[1]
 {¶ 3} Fleming's original appellate brief additionally challenged his sentence, in spite of the fact that the record in this factually abhorrent case not only supported the sentence imposed but also would support a maximum consecutive sentence. Perhaps recognizing the foregoing, after oral argument before this court Fleming filed a motion in which he requested to withdraw any assignments of error relating to his sentence.
 {¶ 4} This court granted his motion, but ordered him to file a supplemental appellate brief to address new issues raised during oral argument that related to his plea hearing. The record reflects the trial court failed to notify Fleming that he would be subject to post-release control, thus calling into question the validity of his original plea. Fleming now argues that plain error did not occur at his plea hearing, therefore, his plea should not be vacated by this court.
 {¶ 5} A review of the record demonstrates Fleming's arguments with respect to his classification cannot be credited. Therefore, Fleming's classification is affirmed. As to Fleming's plea hearing, this court is constrained to agree that the trial court's failure to notify him of post-release control prior to accepting his plea does not constitute plain error.
 {¶ 6} According to the record, Fleming's prosecution came as an unforseen result of the removal of his children from his home in the spring of 2003 by the Cuyahoga County Department of Children and Family Services. The record does not reflect the original reason for the removal. However, the record indicates that after her placement in a foster home, Fleming's oldest daughter, born in August 1990, learned she had an appointment with a gynecologist. This prompted the daughter to inform her foster parents that Fleming had been sexually assaulting her since she was ten years old. Fleming's younger daughter, born in August 1993, subsequently made a similar disclosure.
 {¶ 7} His daughters' disclosures eventually led the Cuyahoga County Grand Jury in March 2004 to issue a forty-eight count indictment against Fleming. Fleming was charged with twenty-three counts of rape of his elder daughter, a minor, all with sexually violent predator specifications, one count of gross sexual imposition upon the younger daughter, and twenty-four counts of kidnapping, all with sexual motivation specifications. Fleming pleaded not guilty to the charges. Several months of discovery and pretrial hearings followed.
 {¶ 8} In July 2004, the parties reached a plea agreement in the case. In exchange for the state's amendment of the first count to the lesser-included offense of gross sexual imposition, the addition of the attempt statute to the charge of gross sexual imposition, and the dismissal of the remaining counts, Fleming would enter a guilty plea to the two amended charges. Fleming additionally thus authorized the trial court to conduct a sexual classification hearing.
 {¶ 9} Upon being informed of the plea agreement, the trial court conducted a plea hearing, accepted Fleming's plea, and referred Fleming to the probation department for a presentence investigation report. Despite defense counsel's awareness that a sexual classification hearing would take place after Fleming received his sentence, counsel refused the trial court's offer to refer Fleming for a psychological assessment.
 {¶ 10} The court called Fleming's case for sentencing approximately two months later. Initially, the court sentenced him to concurrent terms of incarceration for the two convictions. However, upon being reminded by the prosecutor that Fleming's crimes involved two separate victims, the court decided to impose a different sentence. Fleming ultimately was sentenced to a six-month term for the attempted gross sexual imposition, to be served consecutively to a three-year term for the gross sexual imposition conviction.
 {¶ 11} After considering the exhibits offered by the state and hearing arguments from the attorneys, the trial court additionally determined Fleming was a sexual predator.[2]
 {¶ 12} Fleming appeals his classification with four assignments of error as follows:[3]
 {¶ 13} "V.R.C. § 2950.01 et seq. as applied to Mr. Fleming violates (sic) Art. I, Sec. 10 of the United States Constitution as ex post facto legislation, and violates (sic) Art. II, Sec.28, of the Ohio Constitution as retroactive legislation.
 {¶ 14} "VI. The trial court never conducted the statutorily required analysis in determining that Mr. Fleming was a sexual predator.
 {¶ 15} "VII. The evidence is insufficient to support that Mr. Fleming is a sexual predator.
 {¶ 16} "VIII. Mr. Fleming received the ineffective assistance of counsel at the sexual predator hearing."
 {¶ 17} Fleming argues in his fifth assignment of error that the statutory scheme for the classification of sexual predators violates constitutional prohibitions against ex post facto and retroactive legislation.
 {¶ 18} He makes this argument although he raised no objections in the trial court to the proceeding on constitutional grounds, thus waiving the argument for purposes of appeal. Statev. Awan (1986), 22 Ohio St.3d 120. Nevertheless, this court previously has rejected such arguments; consequently, Fleming's fifth assignment of error is overruled pursuant to State v.Baron, 156 Ohio App.3d 241, 2004-Ohio-747.
 {¶ 19} Fleming's sixth and seventh assignments of error challenge the trial court's classification of him as a sexual predator on the basis that it is not adequately supported in the record. Although the record is scanty, this court cannot agree.
 {¶ 20} The Ohio Supreme Court has directed a trial court to engage in a weighing process when considering any factors it finds relevant to a sexual predator determination. State v.Thompson, 92 Ohio St.3d 584, 2001-Ohio-1288. R.C. 2950.09
requires the trial court to discuss on the record those factors upon which it actually relied in making a determination as to the offender's status. State v. Eppinger, 91 Ohio St.3d 158,2001-Ohio-247. A review of the transcript of the hearing reveals the trial court complied with its duties by mentioning each of the facts and the factors it considered in its weighing process. Id.
 {¶ 21} The record in this case is limited in part due to Fleming's own decisions, since he refused to permit the court to obtain a psychological assessment and has since failed to provide to this court all of the materials upon which the trial court relied.
 {¶ 22} The transcript of the hearing demonstrates the trial court considered the relevant statutory factors. The court noted Fleming first victimized his older daughter when she was both only ten years old and under his sole supervision. She thus could not resist his advances without endangering the security of the only home she had.
 {¶ 23} Under these circumstances, she had sustained severe psychological harm, and even now had recurring suicidal thoughts. Rather than being remorseful and sensitive to the consequences of his conduct, however, after Fleming was incarcerated for his crimes against his older daughter, he used the victim's mother in his continued cruel and pathetic attempts to manipulate her, thus reinforcing his daughter's lack of familial support.
 {¶ 24} Additionally, Fleming excused his behavior by informing the social worker that his older daughter was cast in the role of "playing wife" in their household. This excuse, of course, could not explain why he began also to sexually abuse his younger daughter. Fleming, therefore, had made no efforts to gain insight into his problems.
 {¶ 25} The court lacked a psychologist's evaluation in making its decision, but only because Fleming would not agree to submit to one. It thus relied upon its own judgment and experience in making its decision.
 {¶ 26} The record demonstrates that Fleming had an appropriately-conducted hearing, and that the trial court carefully evaluated the evidence presented in conjunction with the statutory criteria. Consequently, this court will not disturb its determination. State v. Webb, Cuyahoga App. No. 84802,2005-Ohio-1012; State v. Rogers, Cuyahoga App. No. 80435, 2002-Ohio-3443; cf., State v. Eppinger, 91 Ohio St.3d 158,2001-Ohio-247.
 {¶ 27} Appellant's sixth and seventh assignments of error are overruled.
 {¶ 28} In his eighth assignment of error, Fleming argues his trial counsel was ineffective during the sexual predator hearing because he failed to request a psychological assessment for his client when the trial court offered to refer Fleming for that purpose.
 {¶ 29} This argument is absurd in the face of a record that shows counsel successfully negotiated an agreement which relieved Fleming from a potential term of life imprisonment and obtained for him an unusually lenient term of only three-and-a-half years, especially since a psychological assessment of the client may well have prompted the trial court to impose maximum, consecutive terms of incarceration, a sentence that this record otherwise would support.
 {¶ 30} The claim of ineffective assistance of counsel requires proof that "counsel's performance has fallen below an objective standard of reasonable representation" and, in addition, that prejudice arises from counsel's performance.State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus; see, also, State v. Lytle (1976),48 Ohio St.2d 391. The establishment of prejudice requires proof "that there exists a reasonable probability that were it not for counsel's errors, the result * * * would have been different." State v.Bradley, supra, paragraph three of the syllabus.
 {¶ 31} The burden is on the defendant to prove ineffectiveness of counsel. State v. Smith (1985),17 Ohio St.3d 98. Trial counsel is strongly presumed to have rendered adequate assistance. Id.; see, also, Vaughn v. Maxwell (1965),2 Ohio St.2d 299.
 {¶ 32} A review of the record fails to support Fleming's claim; rather, it demonstrates counsel represented him both zealously and capably. By the time of the sexual predator hearing, counsel had obtained a highly advantageous plea agreement for Fleming and obviously was thoroughly familiar with the facts of the case. Counsel simply decided in view of the overwhelming evidence already before the trial court to minimize any additional information upon which the trial court could rely in making its classification. This was a tactical decision.State v. Blair (May 27, 1999), Cuyahoga App. No. 73975.
 {¶ 33} Under these circumstances, counsel's failure to request a psychological assessment did not prejudice appellant. Clearly, counsel was an able and diligent advocate for his client in his discussions with the trial court. Fleming can demonstrate neither that trial counsel's actions fell below an objective standard of reasonable representation nor that he was prejudiced by trial counsel's actions. Therefore, Fleming has failed to support his claim he was denied his constitutional right to effective assistance of counsel.
 {¶ 34} Accordingly, Fleming's eighth assignment of error is overruled.
 {¶ 35} Following oral argument to this court, the author of this opinion raised a question of the validity of Fleming's original plea in this case. The record reflects the trial court failed to notify Fleming of the requirement of post-release control. "[A] trial court's lack of notification regarding post-release control could in some instances form a basis to vacate a plea[* * * * since] a defendant could not fully understand the consequences of his plea as required by Crim.R. 11(C)." State v. McDaniel, Cuyahoga App. No. 85265,2005-Ohio-3581, ¶ 7. See, e.g., State v. Oko, Cuyahoga App. No. 85049, 2005-Ohio-3705; State v. Jones (May 24, 2001), Cuyahoga App. No. 77657.
 {¶ 36} Fleming strenuously argues in his supplemental brief that plain error did not occur at his plea hearing. Clearly, he realizes that in deciding to file an appeal, he risked losing the benefits that resulted from an extremely advantageous plea agreement along with a very lenient sentence, considering the fact that he again faces the possibility of life imprisonment with the restoration of the original charges against him.
 {¶ 37} This court reluctantly is constrained to agree with Fleming that plain error did not occur in this particular case for the following reasons: 1) since the state agrees with Fleming's position on this issue, it obviously does not seek to rescind the plea agreement; 2) with respect to informing Fleming of the penalties involved for the offenses, the trial court otherwise substantially complied with the requirements of Crim.R. 11(C); 3) at the sentencing hearing, the trial court informed Fleming of post-release control and the consequences for any violation of it; and 4) Fleming does not seek to invalidate his plea, thus, this court must conclude he understood the implications of his plea and that his plea was knowing, voluntary and intelligent. State v. McDaniel, supra, at ¶ 9.
 {¶ 38} Fleming's classification is affirmed.
This cause is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J. Concurs.
 Celebrezze, Jr., J. Dissents (See Attached DissentingOpinion).
[1] Appellate counsel, a public defender, makes this argument on behalf of his client even though the record reflects appellant's trial attorney also was a public defender.
[2] Only two of these exhibits were included in the record on appeal, viz., a statement given by appellant to a social worker soon after his older daughter made her initial disclosure, and a letter appellant wrote to the victim while awaiting trial on the original charges as indicted. App.R. 9(B).
[3] As previously stated, this court granted Fleming's motion to withdraw his first four assignments of error, which challenged his sentence.
 DISSENTING OPINION