JOURNAL ENTRY and OPINION
{¶ 1} Appellant Walter Allen appeals the trial court's decision classifying him as a sexual predator. He assigns the following two errors for our review:
"I. The trial court's finding that Mr. Allen was a sexualpredator is against the manifest weight of the evidence."
 "II. R.C. § 2950.01 et sq., as applied to Mr. Allen violatesArt. I. Sec. 10 of the United States Constitution as ex postfacto legislation and violates Art. II, Sec. 28, of the OhioConstitution as retroactive legislation."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} On September 14, 1981, the Cuyahoga County Grand Jury indicted Allen on one count of rape. The count arose out of Allen performing oral sex on a six-year old girl. Allen was subsequently found guilty and sentenced to life imprisonment. After serving approximately twenty-four years in prison, Allen was released on parole on August 26, 2004.
 {¶ 4} A sexual predator hearing was conducted on July 13, 2005. At the hearing, the State presented two exhibits, Allen's institutional record and the sexual predator evaluation prepared by the Cuyahoga County Court Psychiatric Clinic.
 {¶ 5} Allen's criminal record indicated he was convicted of assault in 1953, larceny in 1955, and desertion in 1957. Allen was also charged on other occasions, however, the disposition of those cases was unknown at the time of the hearing. Those charges included: breaking and entering in 1962, possession of a dangerous weapon in 1963, and two cases of carrying a concealed weapon in 1971. In addition, in 1953, Allen was charged with incest and acquitted, and in 1971 he was charged with rape and acquitted.
 {¶ 6} In April 2003, after a mental health transfer, the institution diagnosed him with having a delusional disorder, pedophilia, and antisocial personality. At other times, he had been diagnosed as suffering from schizophrenia, paranoid type, and borderline intellectual functioning. He was repeatedly described as "easily agitated and argumentative." The Static-99 test was also conducted on Allen. The results placed him in the medium to high risk category for re-offending.
 {¶ 7} The facts of the underlying case revealed the victim was six years old at the time. The victim was playing with Allen's young cousins and had entered Allen's bedroom to retrieve balloons. Allen, who was fifty-four years old at the time, grabbed the victim, threw her on the bed, and forcibly removed her clothing and performed oral sex on her. Allen told the victim he would kill her if she told anyone. The victim was taken to the hospital where physicians found the hymen was intact but stretched. Her labia area was swollen and redness was observed in the vaginal and rectal areas.
 {¶ 8} In finding Allen to be a sexual predator, the trial court relied on the fact the victim was not related to Allen, the victim's age, Allen's age, the cruelty involved as indicated by the physician's physical findings, Allen's prior criminal history, the results of the Static 99 test, and previous finding of pedophilia by the prison psychologist. Based on these factors, the court concluded Allen was likely to re-offend and classified Allen as a sexual predator.
 Manifest Weight of the Evidence {¶ 9} In his first assigned error, Allen argues the trial court's decision to classify him as a sexual predator was against the manifest weight of the evidence. We disagree.
 {¶ 10} The Ohio Revised Code defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually-oriented offense and is likely to engage in the future in one or more sexually-oriented offenses."[1]
 {¶ 11} The burden of proof is on the State to show by clear and convincing evidence that the offender has been convicted of a sexually-oriented offense and that the offender is likely to engage in the future in one or more sexually-oriented offenses.[2] "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal."[3]
 {¶ 12} In State v. Hills[4] we explained our standard of review of a sexual predator classification as follows:
"[T]his court's role is to determine whether the weight of theevidence supports the trial court's decision. State v. Cook,supra, 83 Ohio St. 3d at 426; State v. Childs,142 Ohio App. 3d 389, 755 N.E.2d 958 (Apr. 19, 2001). Decisions that aresupported by competent, credible evidence will not be reversed bya reviewing court as being against the manifest weight of theevidence. Seasons Coal v. Cleveland (1984), 10 Ohio St.3d 77,461 N.E.2d 1273; State v. Cook, supra, 83 Ohio St. 3d 404;State v. Steele, supra, 2000 Ohio App. LEXIS 4046. Moreover,this court must be mindful that the weight to be given theevidence and the credibility of the witnesses are mattersprimarily for the witnesses are matters primarily for the trierof fact. State v. DeHass (1967), 10 Ohio St. 2d 230,39 Ohio Op. 2d 366, 227 N.E.2d 212, syllabus 1."
 {¶ 13} R.C. 2950.09(B)(3) provides the factors a trial court is to consider in making a classification determination. Although many of the factors set forth "involve what may be considered old conviction data which may be found in the court's file," the list is not designed to be exclusive.[5] Rather, the trial court "shall consider all relevant factors."[6]
 {¶ 14} In the instant case, the record indicates that after considering Allen's institutional record and report by the Court Psychiatric Clinic, the trial court found several of the R.C.2950.09(B)(3) factors weighed heavily in favor of labeling appellant a sexual predator. Specifically, Allen was fifty-four years old at the time of the offense and the victim was six years old. Also pertinent was the victim was unrelated to Allen and was a guest at his house. Thus, Allen abused his position of authority over the child. The court also found the physical harm was cruel beyond normal for an oral sex act based on the treating physician's observation that the child's hymen was stretched, and there was redness in the child's vaginal and rectal areas.
 {¶ 15} Allen also has a prior criminal record, which includes indictments for both rape and incest. Although he was ultimately acquitted of these charges, "prior arrests for other sexually-oriented offenses, some but not all of which resulted in convictions, are appropriate for consideration in sexual predator determinations because they are relevant to pertinent aspects of a defendant's criminal and social history and are probative of the propensity of an offender to engage in other sexually oriented offenses in the future."[7]
 {¶ 16} Along with noting the prison psychologist diagnosed Allen as a pedophile, the trial court also considered the results of Allen's Static 99 test. The results predicated a recidivism rate for five, ten, and fifteen years was 26%, 31%, and 36%, respectively. Although Allen argues that applying these recidivism rates to a 79-year old man is "ludicrous," we note, as the trial court below did, the sexual act involved for the underlying offense was oral sex, and that at the time of the offense, Allen was already fifty-four years old. Moreover, it can be argued the classification is necessary because his age may make others less suspecting of his inclinations.
 {¶ 17} Based upon our review of the record, we find that the trial court's decision to classify Allen as a sexual predator is supported by competent, credible evidence. Accordingly, Allen's first assigned error is overruled.
 Prohibition Against Ex Post Facto Laws {¶ 18} In his second assigned error, Allen contends that R.C.2950.01 et seq., the sexual predator statute, violates Section 10, Article I of the United States Constitution as ex post facto legislation and violates Section 28, Article II of the Ohio Constitution as retroactive legislation. In maintaining this proposition, Allen asserts that the enactment of Senate Bill 5, which repeals his right to have his sexual predator classification revisited, is unconstitutional as ex post facto legislation. We disagree.
 {¶ 19} This court has previously rejected this identical argument.[8] We concluded that the United States Supreme Court and Ohio Supreme Court have determined that these types of sexual offender registration laws are not punitive in nature and, therefore, do not violate the prohibition against ex post facto laws.[9] Accordingly, pursuant to this court's precedent, we conclude R.C. 2950.09 is constitutionally conclude R.C.2950.09 is constitutionally valid. Hence, Allen's second assigned error is without merit and overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, P.J., and Corrigan, J., concur.
[1] R.C. 2950.01(E); State v. Winchester (2001),145 Ohio App.3d 92.
[2] State v. Eppinger (2001), 91 Ohio St.3d 158.
[3] Id., citing Cross v. Ledford (1954), 161 Ohio St. 469,477.
[4] Cuyahoga App. No. 78546, 2002-Ohio-497.
[5] State v. Eppinger, 91 Ohio St.3d 158, 164, 2001-Ohio-247.
[6] R.C. 2950.09(B)(3).
[7] State v. Anderson, 135 Ohio App.3d 759, 764, 1999-Ohio-928. See, also, State v. Childs (2001),142 Ohio App.3d 389, 392; State v. Robertson, 147 Ohio App.3d 94, 98, 2002-Ohio-494; State v. Flores, 11th Dist. No. 2004-L-030,2005-Ohio-5277; State v. McKinniss, 153 Ohio App.3d 654,2003-Ohio-4239.
[8] State v. Fleming, Cuyahoga App. No. 85328, 2006-Ohio-706;State v. Baron, 156 Ohio App.3d 241, 246, 2004-Ohio-747; Statev. Walker, Cuyahoga App. No. 86216, 2006-Ohio-108; State v.Shelton, Cuyahoga App. No. 83289, 2004-Ohio-5484.
[9] See State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291;Smith v. Doe (2003), 538 U.S. 84, 155 L.Ed.2d 164,123 S.Ct. 1140.