{¶ 1} Defendant John Anderson appeals from the trial court's determination that he is a sexual predator. For the reasons set forth below, we affirm.
 {¶ 2} On December 29, 2005, defendant was indicted pursuant to a six-count indictment which charged him with three counts of disseminating obscene materials to a juvenile, and three counts of importuning. Defendant pled not guilty but later, on February 7, 2006, defendant entered guilty pleas to one count of disseminating obscene material to a juvenile and one count of importuning and was sentenced to a total of 36 months of imprisonment.
 {¶ 3} Also on February 7, 2006, the trial court held a sexual predator hearing. The evidence demonstrated that defendant was 63 years old. He had delinquency adjudications, numerous misdemeanor convictions, convictions for robbery, and in 1972 he was convicted of sodomy and carnal knowledge of a child under the age of 13. A report prepared by the court psychiatric clinic indicates that defendant has an antisocial disorder.
 {¶ 4} With regard to the instant offenses, the evidence indicated that defendant was watching the twelve-year-old victim, took her to his bedroom, showed her pornographic movies, and began kissing her and asking her for sex. The results of a STATIC-99 test indicated that defendant was at a high risk for reoffending. The Able Assessment, however, indicated that he did not have the risk factors most significantly correlated with sexual offense recidivism.
 {¶ 5} Defendant now appeals and assigns the following error for our review:
 {¶ 6} "The trial court erred when it classified Appellant as a sexual predator."
 {¶ 7} With regard to procedure, we note that the trial court was required to "determine by clear and convincing evidence whether the offender is a sexual predator." R.C. 2950.09(B)(3).
 {¶ 8} "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal."
 {¶ 9} State v. Eppinger, 91 Ohio St.3d 158, 164, 2001-Ohio-247,743 N.E.2d 881, quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477, 53 Ohio Op. 361, 120 N.E.2d 118.
 {¶ 10} "Decisions that are supported by competent, credible evidence will not be reversed by a reviewing court as being against the manifest weight of the evidence." State v. Hills, Cuyahoga App. No. 78546, 2002-Ohio-497.
 {¶ 11} With regard to the substantive law, we note that a sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E).
 {¶ 12} In determinating whether an offender is a sexual predator, the court must consider the factors enumerated in R.C. 2950.09(B)(2):
 {¶ 13} "(a) The offender's age;
 {¶ 14} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 15} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 16} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 17} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 18} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 19} "(g) Any mental illness or mental disability of the offender;
 {¶ 20} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 21} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 22} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 23} R.C. 2950.09(B)(2) does not mandate that each factor be satisfied; instead, it simply requires the trial court to consider all the factors which are relevant to its determination. State v.McBooth, Cuyahoga App. No. 85209, 2005-Ohio-3592.
 {¶ 24} In this matter, the trial court concluded and the record establishes that although defendant was not a youthful offender, the victim was only 12 years old. In addition, defendant has a lengthy record of criminal convictions, including a conviction for sodomy and unlawful carnal knowledge of a thirteen year-old girl. There was a single victim. Alcohol and drugs were not used to impair the girl or prevent her from resisting, but significantly, defendant was in a position of authority over the girl at the time of the offenses. Defendant has also been diagnosed with antisocial disorder. The offenses occurred in connection with a course of conduct from November 14, 2005 to November 17, 2005. Defendant entered a guilty plea regarding two of the offenses but made statements blaming the girl and evincing a failure to accept responsibility. Results of the STATIC — 99 test indicated that defendant had a high risk of re-offending.
 {¶ 25} We do not find the determination to be against the manifest weight of the evidence. The trial court's determination that defendant is a sexual predator is supported by clear and convincing evidence.
 {¶ 26} The assignment of error is without merit.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and ANTHONY O. CALABRESE, JR., J., CONCUR.